IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

ROBERT FRANCIS WEILER, JR.,

    Plaintiff,

v.                                        Case No.: GJH-20-2582

TOWN OF BERWYN HEIGHTS,
MARYLAND, *et al.*,

    Defendants.

**MEMORANDUM OPINION**

In this action, Plaintiff Robert Francis Weiler, Jr., brings a pro se 42 U.S.C. § 1983 claim and a common law false imprisonment claim against Defendants Town of Berwyn Heights, Maryland, and Officer James Ignowski. ECF No. 1. Defendants have filed a Motion to Dismiss, ECF No. 7, which is unopposed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, the Court will grant the Motion to Dismiss.

I.     **BACKGROUND**[1]

On the morning of June 14, 2014, Plaintiff was protesting on a public sidewalk in front of the Metropolitan Family Planning Institute in Berwyn Heights, Maryland. ECF No. 1 ¶ 9.[2] Plaintiff was holding a sign and recording his protest. *Id.*[3] Plaintiff was approached by Defendant Ignowski, an officer in the Berwyn Heights Police Department. *Id.* ¶¶ 6, 10. Ignowski took a

---

[1] All facts herein are taken from Plaintiff's Complaint, ECF No. 1, and presumed true.

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[3] These events were captured on digital video. *See* ECF No. 1 n.2.

1

photograph as he approached and asked for Plaintiff's identification. *Id.* ¶¶ 10, 12. Plaintiff asked if he was being detained, and Ignowski said that he was not. *Id.* ¶¶ 17, 18. Plaintiff told Ignowski that if he was not being detained, then he did not need to talk to Ignowski. *Id.* ¶ 19.

Another officer, identified as Corporal Allen of the Prince George's County Police Department in the Complaint, approached. *Id.* ¶ 32. Ignowski told Allen that he wanted to conduct a "subject stop", but Plaintiff would not show his identification. *Id.* ¶ 33. Ignowski then told Plaintiff that he was going to check Plaintiff for weapons, and he began forcefully restraining Plaintiff's movements while patting him down. *Id.* ¶¶ 41, 42. Plaintiff protested and shouted that he was being assaulted. *Id.* Allen and Ignowski wrestled Plaintiff to the ground and arrested him. *Id.*

Plaintiff was incarcerated for 30 days before being able to make bail. *Id.* ¶ 43. He was charged with Assault on a Law Enforcement Officer and Disorderly Conduct. *Id.* However, he was never convicted of any crime related to the events that day. *Id.* The charges against him were placed on the three-year "stet docket" and expired on September 23, 2017. *Id.* ¶ 44.[4]

As a result of the incident, Plaintiff suffered some physical injuries, damage to his eyeglasses, lost wages, and several emotional distress and suffering. *Id.* ¶ 45. Berwyn Heights did not take any disciplinary action against Ignowski and recently promoted Ignowski to Corporal. *Id.* ¶ 46.

Plaintiff filed this Complaint on September 21, 2020. He alleged that Ignowski acted in a manner that a reasonable, objective, and properly trained officer would know or should know violated Weiler's rights and state law. *Id.* ¶ 48. He alleges that Ignowski violated his rights under

---

[4] "[T]he entry of a 'stet' is merely a determination that the State will not proceed against the accused on that indictment or information at that time." *State v. Meade*, 101 Md. App. 512, 532, 647 A.2d 830, 839 (1994) (abrogated on other grounds); *see also* Md. Rule 4-248.

2

the First, Fourth, Fifth, and Fourteenth Amendments. *Id.* ¶ 1. He also brings a claim of common law false imprisonment. *Id.* He also alleged that the Town of Berwyn Heights failed to properly train, supervise, or discipline Ignowski. *Id.* ¶ 49. He requested $1,000,000 in compensatory and punitive damages and legal fees. *Id.* ¶ 40.

On March 19, 2021, Defendants filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 7. Because Plaintiff is proceeding pro se, he was sent a Rule 12/56 Notice on March 19, 2021. ECF No. 8.[5] Plaintiff has not responded to the Motion to Dismiss.[6]

## II.     STANDARD OF REVIEW

"A defendant may test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Maheu v. Bank of Am., N.A.*, No. 12-cv-508-ELH, 2012 WL 1744536, at *4 (D. Md. May 14, 2012) (citing *German v. Fox*, 267 Fed. Appx. 231, 233 (4th Cir. 2008)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of Plaintiff's claims, the Court accepts factual allegations in the Complaint as true and construes the factual allegations in the light most favorable to the Plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd of Comm'rs of Davidson*

---

[5] A Rule 12/56 Notice advises a pro se plaintiff of his rights under Federal Rule of Civil Procedure 12 and Federal Rule of Civil Procedure 56.

[6] As this Court has noted before, "'[w]hen a plaintiff fails to oppose a motion to dismiss, a district court is entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted in the motion.'" *Zos v. Wells Fargo Bank, N.A.*, No. 16-cv-00466-GJH, 2017 WL 221787, at *2 n.5 (D. Md. Jan. 18, 2017) (quoting *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016) (internal quotations and citations omitted)).

*Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). Self-represented litigants' pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. Appx. 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank*, N.A., No. 10-cv-3517-DKC, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim.") (citation omitted), *aff'd*, 526 F. Appx. 255 (4th Cir. 2013).

"[A] motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

### III.   DISCUSSION

Defendants argue that the Complaint is time-barred because the incident happened on June 14, 2014, but Plaintiff did not file his Complaint until September 21, 2020. ECF No. 7-1 at 1. This Court agrees.

"The Supreme Court has directed that we apply a state's 'statute of limitations governing general personal injury actions' when considering Section 1983 claims." *Battle v. Ledford*, 912 F.3d 708, 713 (4th Cir. 2019) (quoting *Owens v. Okure*, 488 U.S. 235, 251 (1989)). "A state's

limitations and tolling rules are to be followed unless doing so 'defeat[s] either Section 1983's chief goals of compensation and deterrence or its subsidiary goals of uniformity and federalism.'" *Battle*, 912 F.3d at 713 (quoting *Hardin v. Straub*, 490 U.S. 536, 539 (1989)). Maryland's statute of limitations provides that "'[a] civil action at law shall be filed within three years from the date it accrues.'" *Goodman*, 494 F.3d at 464 (quoting Md. Code Ann., Cts. & Jud. Proc. § 5–101).

Pursuant to Maryland's statute of limitations, Plaintiff's Section 1983 claim expired on June 14, 2017. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101; *Goodman*, 494 F.3d at 464. The cause of action accrued on June 14, 2014 when the confrontation between Plaintiff and Ignwoski occurred. Plaintiff's makes reference to the fact that the charges against him were placed on a "stet docket" and expired on September 23, 2017, *see* ECF No. 1 ¶ 44, but that does not change the date of accrual of a cause of action for Section 1983 purposes. The complained of conduct happened on June 14, 2014, regardless of when the charges against him expired.

Similarly, the same Maryland statute applies to Plaintiff's common law false imprisonment claim. *See Collington v. Maryland*, No. 20-cv-966-GJH, 2021 WL 3172275, at *9 (D. Md. July 26, 2021) (applying Section 5-101 to common law false imprisonment claims). While it is not totally clear from the Complaint which alleged conduct constitutes false imprisonment, the Court presumes that the claim is related to either Plaintiff's arrest and detention by Ignowski or Plaintiff's 30-day incarceration before he was able to make bail. *See* ECF No. 1 ¶ 43. The detention then happened between June and July of 2014, but any claim related to detention before September 21, 2017 is time-barred because of Maryland's statute of limitations.

As noted previously, "[w]hen it appears on the face of the complaint that the limitation period has run, a defendant may properly assert a limitations defense through a Rule 12(b)(6) motion to dismiss." *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 985 (D. Md. 2002), *aff'd*, 92 F. Appx. 933 (4th Cir. 2004); *see also Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) ("The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint.").

Here, it is clear from the face of the Complaint that the limitations period has run for both claims. Plaintiff specifies that the encounter with Officer Ignowski happened on June 14, 2014 and that he was incarcerated for 30 days. ECF No. 1 ¶¶ 9, 43. The Complaint was filed on September 21, 2020—over six years later. Because the Complaint is time-barred and the time-bar is clear on the face of the Complaint, this Court dismisses this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

### IV. CONCLUSION

For the reasons discussed, the Motion to Dismiss is **GRANTED**. A separate Order follows.

Dated: October 29, 2021            /s/_____
                                    GEORGE J. HAZEL
                                    United States District Judge